UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Daciann D. Brown,

        Petitioner,               Case No. 22-cv-3183 (PAM/LIB)

v.

                                   **REPORT AND RECOMMENDATION**

Michael Segal,

        Respondent.

This matter comes before the undersigned United States Magistrate Judge, pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, upon Petitioner Daciann D. Brown's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. [Docket No. 1]. Finding no hearing necessary, the Court issues the present Report and Recommendation.

For the reasons discussed herein, the Court recommends that the Petition for Writ of Habeas Corpus, [Docket No. 1], be **DENIED as moot**.

**I.    Background**

On May 9, 2018, Petitioner pled guilty to one count of Wire Fraud, one count of presenting False Claims to the Internal Revenue Service, and one count of Fraud Related to Identification Documents all in violation of federal law. United States v. Brown, 18-cr-610 (FPG), Plea Hearing Minutes [Docket No. 32] (W.D.N.Y. May 9, 2018). While she was awaiting sentencing for these three counts, Petitioner was charged with and pled guilty to one count of Failure to Appear Before a Court in violation of federal law. United States v. Brown, 20-cr-6009 (FPG), Plea Hearing Minutes [Docket No. 5] (W.D.N.Y. July 17, 2020). On December 3, 2020,

Petitioner was sentenced to a 46-month term of imprisonment to be followed by a three-year term of supervised release for the counts of Wire Fraud, False Claims, and Fraud Related to Identification Documents. United States v. Brown, 18-cr-610 (FPG), Sentencing Minutes [Docket No. 69] (W.D.N.Y. Dec. 3, 2020). For her one count of Failure to Appear Before a Court, Petitioner was sentenced to a 46-month term of imprisonment to be followed by a three-year term of supervised release which were both ordered to run concurrently with her sentence imposed in 18-cr-6010 (FPG). United States v. Brown, 20-cr-6009 (FPG), Sentencing Minutes [Docket No. 20] (W.D.N.Y. Dec. 3, 2020).

At the time she initiated this action, Petitioner was serving her term of imprisonment at the Federal Correctional Institution in Waseca, Minnesota. (See Petition [Docket No. 1] at 1). Shortly after filing this action, however, Petitioner was transferred to the Kandiyohi County Jail in Willmar, Minnesota. (Notice of Change of Address [Docket No. 10]). Through this action, Petitioner sought to challenge the Bureau of Prisons ("BOP") alleged failure to apply certain First Step Act time credits to hasten Petitioner's release from the Bureau of Prisons' custody. (See Petition [Docket No. 1]). Specifically, Petitioner argued that her being subject to a detainer from the U.S. Immigration and Customs Enforcement Agency was an improper basis for the Bureau of Prisons to decline to apply Petitioner's previously earned First Step Act time credits to her sentence computation. (Petition [Docket No. 1]).

On February 15, 2023, Petitioner was released from the custody of the Bureau of Prisons after the application of her First Step Act time credits. (Hillsman Decl. [Docket No. 11] ¶ 4; https://www.bop.gov/inmateloc (searching Petitioner's inmate number 27459-055)).[1] Upon her

---

[1] The Court may take proper judicial notice of public documents such as the Bureau of Prisons' Federal Inmate Locator. See Kratville v. Warden of Fed. Prison Camp-Duluth, Minnesota, No. 17-cv-5209 (MJD/TNL), 2018 WL 6182593, at *1 (D. Minn. Aug. 31, 2018) (taking judicial notice of Federal Inmate Locator), report and recommendation adopted, 2018 WL 6179512 (D. Minn. Nov. 27, 2018); Beck v. Samuels, No. 15-cv-2635

release from the custody of the Bureau of Prisoners, Petitioner was placed into the custody of the U.S. Immigration and Customs Enforcement agency.

## II.     Discussion

Through the present action, Petitioner sought an Order of this Court applying her previously earned First Step Act time credits to her sentence computation which, according to Petitioner, would result in her immediate release from the custody of the Bureau of Prisons. (Petition [Docket No. 1]). In support of this request, Petitioner argued that her being subject to a detainer from the U.S. Immigration and Customs Enforcement Agency was an improper basis for the Bureau of Prisons to decline to apply Petitioner's previously earned First Step Act time credits to her sentence computation. (Petition [Docket No. 1]). As relief, Petitioner sought an Order of this Court requiring the Bureau of Prisoners to apply Petitioner's previously earned First Step Act time credits to her sentencing computation and her immediate release to the custody of the Immigration and Customs Enforcement agency.

Before the Court considers the underlying merits of the present Petition, the Court must first, in light of Petitioner's release from the custody of the Bureau of Prisons, ensure that the present Petition has not become moot since the time Petitioner filed her Writ of Habeas Corpus, [Docket No. 1], with this Court. The issue of mootness must be resolved before the Court reaches the merits of Petitioner's claim.

Article III of the United States Constitution allows Federal Courts to adjudicate only actual, ongoing cases or controversies. See Am. United for Separation of Church and State v. Prison Fellowship Ministries, 509 F.3d 406, 420–21 (8th Cir. 2007); Powell v. McCormack, 395

---

(WMW/SER), 2016 WL 4004573, at *2 (D. Minn. June 28, 2016) (same), report and recommendation adopted, 2016 WL 4005658 (D. Minn. July 25, 2016); Skrzypek v. Roal, No. 11-cv-933 (ADM/SER), 2011 WL 5833661, at *2 n.3 (D. Minn. Oct. 12, 2011) (same), report and recommendation adopted, 2011 WL 5593146 (D. Minn. Nov. 17, 2011); Ly v. Fisher, No. 10-cv-2946 (MJD/SER), 2011 WL 2373449, at *1 n.3 (D. Minn. May 11, 2011) (same), report and recommendation adopted, 2011 WL 2373151 (D. Minn. June 10, 2011).

U.S. 486, 497 (1969); Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1086 (2011). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate," and "[w]hen an action no longer satisfies the case or controversy requirement, the action is moot and a federal court must dismiss the action." Potter v. Norwest Mortgage, Inc., 329 F.3d 608, 611 (8th Cir. 2003) (quotations omitted); see Roberts v. Norris, 415 F.3d 816, 819 (8th Cir. 2005); Arizonans for Official English v. Arizona, 520 U.S. 43, 45 (1997).

The ongoing case-or-controversy requirement is no longer met if an event occurs, during the course of the proceedings, which precludes the Court from granting any meaningful relief to the party who initiated the action. See In re Sec. Life Ins. Co. of Am., 228 F.3d 865, 869–70 (8th Cir. 2000) (citing In re Grand Jury Subpoenas Duces Tecum, 78 F.3d 1307, 1310 (8th Cir. 1996)). If it becomes impossible for the Court to provide any further redress for the claims that have been raised, the case must be dismissed as moot. See Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990).

This is not to say that a petitioner's release from custody automatically renders moot her habeas petition. If a petitioner is challenging her criminal conviction, a writ of habeas corpus is not automatically mooted upon her release from custody as habeas relief could still serve the purpose of eliminating some of the "collateral consequences that attached to the conviction as a matter of law." Spencer v. Kenma, 523 U.S. 1, 9 (1998) (citing Carafas v. LaVallee, 391 U.S. 234, 237 (1968)). Such "collateral consequences" include restrictions on the right to engage in certain types of businesses or professions, the right to vote, the right to own a gun, and the right to serve on a jury. See Id. at 9. "However, a habeas petitioner cannot rely on the collateral consequences of [her] conviction to save [her] case from mootness if [she] is not actually

4

challenging the validity of [her] conviction." Woodward v. Fondren, No. 8-cv-194 (ADM/JJK), 2008 WL 5214396, at *2 (D. Minn. Dec. 12, 2008).

In the present case, Petitioner is not challenging the validity of her conviction. (See Pet. [Docket No. 1]). Rather, Petitioner is challenging only the length of her term of imprisonment based on the application of First Step Act time credits to her sentencing computation. (See Id.).

Petitioner here sought an Order of this Court requiring the Bureau of Prisons to apply Petitioner's previously earned First Step Act time credits to her sentencing computation so that she could be immediately released from the custody of the Bureau of Prisons into the custody of the Immigration and Customs Enforcement agency. As observed above, however, Petitioner has already been released from the custody of the Bureau of Prisons into the custody of the Immigration and Customs Enforcement agency. Petitioner was in fact released from the custody of the Bureau of Prisons less than two months after she initiated the present action.

Even assuming solely for the sake of argument that this Court found Petitioner's claim to have merit, there is no longer any meaningful relief which this Court could provide. Petitioner sought the application of First Step Act time credits to hasten her release from the custody of the Bureau of Prisons, but Petitioner has already been released from the custody of the Bureau of Prisons. The present Petition has been rendered moot by Petitioner's release from her term of incarceration. Other Court have reached this same conclusion in circumstances materially similar to the present case. See, e.g., Craft v. Eischen, No. 22-cv-1897 (KMM/TNL), 2023 WL 3467231, at *3 (D. Minn. Apr. 17, 2023), report and recommendation adopted, 2023 WL 3455443 (D. Minn. May 15, 2023); Scheper v. Rios, No. 19-cv-402 (MJD/ECW), 2020 WL 4060729, at *2 (D. Minn. June 5, 2020), report and recommendation adopted, 2020 WL 4059875 (D. Minn. July 20, 2020); McClain v. Gasele, 12 F.3d 1102 (8th Cir. 1993) (finding moot an inmate's request

for the restoration of good time credits because said inmate was released from the custody of the Bureau of Prisons to "parole"); Jackson v. Marques, No. 18-cv-2679 (MJD/LIB), 2019 WL 2375384, at *2 (D. Minn. Apr. 23, 2019), report and recommendation adopted, 2019 WL 2369895 (D. Minn. June 5, 2019); Lourido-Vidal v. Fisher, No. 13-cv-600 (PJS/TNL), 2014 WL 2480164, at *2 (D. Minn. June 3, 2014); Howard v. Hendrix, No. 2:19-cv-113 (KGB/JTR), 2019 WL 10745050, at *2–3 (E.D. Ark. Nov. 5, 2019), report and recommendation adopted, 2020 WL 5775186 (E.D. Ark. Sept. 28, 2020); Miller v. United States, No. 13-cv-2586 (ADM/TNL), 2014 WL 2009022, at *2 (D. Minn. May 16, 2014).

"[I]t does not matter that the Petitioner may still be subject to conditions of [supervised release], and that [she] may still be returned to prison if [she] violates those conditions." Gore v. Fondren, No. 7-cv-4425 (ADM/RLE), 2008 WL 4787652, at *5 (D. Minn. Oct. 31, 2008); see McClain v. Gasele, 12 F.3d 1102 (8th Cir. 1993). Petitioner's term of supervised release is not a collateral consequence which saves her case from mootness. See, e.g., Copley v. Keohane, 150 F.3d 827, 830 (8th Cir. 1998); Spencer v. Kemna, 523 U.S. 1, 8–16 (1998); Gore v. Fondren, No. 7-cv-4425 (ADM/RLE), 2008 WL 4787652, at *5 (D. Minn. Oct. 31, 2008); McClain v. Gasele, 12 F.3d 1102 (8th Cir. 1993). Similarly, Petitioner being released to the custody of the Immigration and Customs Enforcement agency is not a collateral consequence which prevents a finding of mootness in this case; in fact, Petitioner specifically asked—as relief in this case—to be released to the custody of the Immigration and Customs Enforcement agency. Therefore, the present Petition is now moot because there is no longer any live case or controversy to be resolved in the present case.

As the present Petition is now moot, the Court will not consider the merits of Petitioner's claims or render any opinion on those claims as any "[s]uch opinion would be merely advisory

6

and is not permitted under Article III." Walton v. Holinka, No. 7-cv-2121 (MJD/FLN), 2008 WL 495523, at *1 (D. Minn. Feb. 21, 2008); see Doe v. Nixon, 716 F.3d 1041, 1051 (8th Cir. 2013) ("A federal court has no authority to give opinions upon moot questions or abstract proposition, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.").

### III.   Conclusion

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Brown's Petition for a Writ of Habeas Corpus, [Docket No. 1], be **DENIED as moot**.

Dated: May 23, 2023                                              s/Leo I. Brisbois
                                                                 Hon. Leo I. Brisbois
                                                                 U.S. MAGISTRATE JUDGE

### N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "[a] party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition." A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).